# United States District Court, Northern District of Illinois

M HN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7454 | **DATE** | 9/17/2010 |
| **CASE TITLE** | First Midwest Bank vs. Michael K. McAfee | | |

**DOCKET ENTRY TEXT**

Motion by Plaintiff to clarify [72] is granted. The Court issues the following revised Statement, which clarifies its prior Order of August 26, 2010. IT IS SO ORDERED.

*Charles Norgle* (signature)

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff First Midwest Bank's ("Plaintiff") motion for order to show cause, though which it requests that the Court issue an order directing Defendant Michael K. McAfee ("McAfee") to show cause as to why he should not be held in contempt for violating Magistrate Judge Schenkier's March 4, 2010 order and for breaching the parties' settlement agreement. For the following reasons, the motion is denied.

Plaintiff initiated this case to recover more than $6 million from McAfee based on his personal guaranty of certain commercial loans. On March 4, 2010 the parties appeared for a status conference before Magistrate Judge Schenkier. There the parties reported "that the case ha[d] settled," and that they had agreed "on the monetary term of the settlement" and were "finalizing...the written settlement agreement." Tr. at 2-3. Based on these representations, Judge Schenkier inquired whether "it [would] be reasonable to say that [the parties] will submit appropriate dismissal papers to Judge Norgle by March 19th," about two weeks after the hearing. Tr. at 3. He noted, however, that "there is no magic in that" date, thus reminding the parties that if they needed more time, that would be appropriate. Id. In response, McAfee's counsel indicated that he was concerned about the short date, given the difficulty in communicating with McAfee, though he recognized that he "ha[d] a draft of the settlement agreement" and that, despite some comments, "it looked to be fairly routine." Tr. at 4. Judge Schenkier stated, then, that he would include in the order "that the dismissal papers should be submitted to Judge Norgle by no later than March 19th," which "puts the onus, sounds like, probably on [McAfee's counsel], that because of travel or whatever reasons there is, you think you need more time, to let Judge Norgle know that." Tr. at 4-5. He continued, "And then you'll know, I think, on the plaintiff's side, if that's simply a matter of logistics or you think it is something more serious than that." Id. Judge Schenkier then terminated the case's referral, recognizing that "if something emerges, Judge Norgle, I'm sure, will not hesitate to send it back to me." Id.

The parties eventually finalized and executed a settlement agreement. It specifically provided that Plaintiff shall dismiss the case only after McAfee made a settlement payment to Plaintiff in the amount of

08C7454 First Midwest Bank vs. Michael K. McAfee    Page 1 of 2

| STATEMENT |
|---|

$150,000. McAfee failed to make any payments under the agreement. Its failure to make a payment prompted this motion.

In response to the motion, McAfee argues that Judge Schenkier entered an order that confirmed that the case was settled, and thus, McAfee says, the Court should dismiss this case in its entirety. This position overstates the record. The record reflects that the settlement agreement was not final when the parties appeared for status, which is precisely why Judge Schenkier gave the parties additional time. The issue here is not whether the parties have settled the case, but whether McAfee should be held in contempt for causing the parties' to fail to comply with Judge Schenkier's order. Upon review of the parties' submissions, and the attachments submitted therewith, the Court finds that there is not enough to support an order to show cause.

After closely considering the transcript of the proceedings before Judge Schenkier, the Court is not convinced that Judge Schenkier's final order required the parties to dismiss this matter by a certain date. He set a date, it seems, to give McAfee an appropriate amount of time to fulfill his obligations under the parties' agreement. But the ruling was not unyielding. In fact, the ruling sought to protect the Plaintiff, while at the same time it was designed to be somewhat flexible in allowing the parties to finalize their settlement agreement and give McAfee enough time to communicate with counsel. Any failure, then, on behalf of McAfee to satisfy the demands of settlement do not, under the circumstances, justify an order of contempt, or even a rule to show cause. And as to the final settlement agreement, which was prepared by counsel and signed by the parties days after leaving Judge Schenkier's courtroom, the Court is aware that the settlement agreement contains the following provision: "The Parties expressly agree that, should suit be filed to enforce any obligation created by this Settlement Agreement, the Parties submit to the jurisdiction of, and venue in, the courts of Cook County, Illinois." See Def.'s Resp., Ex. 3 ¶ 6.4. At this point the Court shall deny the motion for an order to show cause and recommend that the case be transferred to Judge Schenkier for all pretrial matters consistent with the March 4, 2010 transcript of proceedings.

IT IS SO ORDERED.